AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

**RECEIVED**
OCT 7 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Frederick Banks
*Petitioner*

v.

Warden R. Thompson;
Federal Bureau of Prisons
*Respondents*
(name of warden or authorized person having custody of petitioner)

Case No. _____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Frederick Banks
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: FCI Fort Dix
   (b) Address: Box 2000, Joint Base MDL, NJ 08640
   (c) Your identification number: 05711068
3. Are you currently being held on orders by:
   ☑ Federal authorities  ☐ State authorities  ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: US District Court Western District of Pennsylvania
   (b) Docket number of criminal case: 2:15cr168
   (c) Date of sentencing: 6/26/25
   ☐ Being held on an immigration charge
   ☐ Other (explain): _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

BANKS, FREDERICK 05711068

Page 2 of 9

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court:
   
   (b) Docket number, case number, or opinion number:
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   
   (d) Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes          ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _Bureau of PRIsons_
       
       (2) Date of filing: _8/25/25_
       (3) Docket number, case number, or opinion number:
       (4) Result: _Never provided me with an Answer_
       (5) Date of result:
       (6) Issues raised: _Court Cannot delegate FRP payments to the Bop. Bop cant set payment schedule except on Court order. Judgments are already completed Bop cant collect. Bop miscalculated my FSA conditional Release date. Bop doesnt have authority to hold me because court did not have jurisdiction to revoke supervision. I only have 3 criminal History points not 10 under the FSA should be corrected. Bop failed to apply 64 months of prior jail credit. FSA days & conditional Release days goes to reduce_
   (b) If you answered "No," explain why you did not appeal: _Pre-release custody of sentence_

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes          ☐ No _All remedies have been exhausted because Bop obstructed the remedie process by failing to answer remedies, ~~totaling~~ abruptly switching my counselor and issues of statutory construction don't require exhaustion and exhaustion is futile._

BANKS, FREDERICK 05711068

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☐ No
(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☒ No
If "Yes," answer the following:
(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
     ☐ Yes      ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: A 2241 is the proper vehicle to challenge the execution of the sentence rendering a 2255 inadequate and ineffective

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

BANKS, FREDERICK 05711068

Page 5 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      If "Yes," provide:
      (1) Date of filing: _____
      (2) Case number: _____
      (3) Result: _____
      (4) Date of result: _____
      (5) Issues raised: _____

  (d)  Did you appeal the decision to the United States Court of Appeals?
      ☐ Yes      ☐ No
      If "Yes," provide:
      (1) Name of court: _____
      (2) Date of filing: _____
      (3) Case number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes      ☒ No

    If "Yes," provide:
    (a) Kind of petition, motion, or application: _____
    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____
    (d) Docket number, case number, or opinion number: _____
    (e) Result: _____
    (f) Date of result: _____
    (g) Issues raised: _____

BANKS, FREDERICK 05711068

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** BOP lacks jurisdiction to hold petitioner because the District Court lacked subject matter jurisdiction to revoke supervised release under 18 USC 3583(i) & due process violation.

(a) Supporting facts (Be brief. Do not cite cases or law.): 3 months after petitioner's supervised release expired he was arrested on 5/13/25 on a violation warrant that was filed under seal on 2/4/25. Petitioner's six months of supervised release ran from 6/26/24 when he left FCI Ft Dix (released) on a prior violation to a pre-release center renewal in Pittsburgh see United States v. Sullivan 504 F.3d 969, 971-72 (9th cir 2007) and expired on 12/25/24. The court did not have jurisdiction to revoke supervision under 18 USC 3583(i).

(b) Did you present Ground One in all appeals that were available to you? See US v. Merlino 785 F.3d 79
☑ Yes  ☐ No (3d Cir 2015). Thus, the BOP does not have authority to detain petitioner.

**GROUND TWO:** BOP failed to credit petitioner w/ 64 months served in a prior revocation in violation of Due process.

(a) Supporting facts (Be brief. Do not cite cases or law.): Petitioner served 64 months in a prior revocation in the same case from the current violation 2:15CR168 consisting of 13 months at Counts 2,3,4,9 5 and 12 months at Count 6. That judgment was revoked/cancelled and the court entered a subsequent violation judgment in 2025 of 84 months. BOP failed to credit petitioner for the 64 months revoked judgment. See Fed. R. Crim. Pro. 32.1 1979 Amendments & BOP pS Sentence Comp (Attached) in violation of Due process

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes  ☐ No

**GROUND THREE:** BOP failed to calculated 1200 days of FSA instead of 510 days, gave petitioner 10 criminal history points incorrectly and failed to reduce petitioner's time in pre-release custody/sentence by 1200 days in violation of the First Step Act and Due Process.

(a) Supporting facts (Be brief. Do not cite cases or law.): Petitioner's correct number of FSA release days is 1200 not 510 on his 84 month sentence. BOP miscalculated his FSA days. Petitioner only has 3 criminal history points not 10. Amendment 821 eliminates status points and his other priors are beyond 15 years. Finally under the FSA the time credits earned and that will be earned reduce time towards pre release custody compare the FSA w/ 18 USC 3624(b) ("54 days a year" towards "the service of the sentence") See Gonzalez v. Herrera, 2025 US
(b) Did you present Ground Three in all appeals that were available to you? App LEXIS 21117 (9th cir
☑ Yes  ☐ No 2025); Guerriero v. Miami RRM, 24-10337, 2024 US App LEXIS 1114, 2024 WL 1969753, at *2 (11th cir May 7, 2024). Issues of statutory construction are exempted from exhaustion.

BANKS, FREDERICK 05711068

## I. TIMELINE OF SUPERVISED RELEASE

- **June 26, 2024** – Banks transferred from FCI Fort Dix to Renewal Center, an RRC/halfway house, as part of pre-release custody. Under 18 U.S.C. § 3624(e) and **United States v. Sullivan, 504 F.3d 969 (9th Cir. 2007)**, supervised release commences when the defendant is released from the secure facility into community-based custody.
- **June 26, 2024 – December 25, 2024** – Banks continuously served six months of supervised release.
- **December 25, 2024** – Supervised release expired.
- **February 4, 2025** – Government filed violation warrant, 41 days late.

## II. LAW ON WHEN SUPERVISED RELEASE BEGINS

- **18 U.S.C. § 3624(e)** – Supervised release "commences on the day the person is released from imprisonment."
- **United States v. Johnson,** 529 U.S. 53, 57 (2000) – Supervised release does not run while imprisoned, but begins upon release.
- **United States v. Sullivan**, 504 F.3d 969, 971–72 (9th Cir. 2007) – Transfer to an RRC/halfway house constitutes "release" for purposes of § 3624(e). Supervised release therefore began on June 26, 2024.
- **United States v. Merlino**, 785 F.3d 79 (3d Cir. 2015) – Jurisdiction requires a timely warrant before supervision expires.
- **United States v. Marsh**, 829 F. App'x 601, 604 (3d Cir. 2020) – Supervision runs continuously once commenced.

Thus, Banks' supervised release expired December 25, 2024. The Court lacked jurisdiction to revoke it when the warrant was filed February 4, 2025.

## III. DISPROPORTIONATE REVOCATION SENTENCE

- Range: **4–10 months.**
- Sentence imposed: **84 months.**

This is far greater than necessary under § 3553(a). See *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007).

There were **no victims and no loss** — the government's own witness admitted she "did not lose one dollar."

**GROUND FOUR:** Bop improperly set a payment schedule for petitioner's FRP payments in violation of the Law, Court orders and due process

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
Bop set a $25 per quarter payment schedule for petitioner to pay prior discharged judgments in 03CR245 & 04CR176. Those courts ordered 50% of petitioner's prison salary but the Bop did not give petitioner a job. Instead stole $25 payments from the very limited family funds sent to him in violation of the attached Court Judgments. Those Judgments have already been served and it violated due process. The Court cannot delegate payments to the Bop. The Bop chose to steal money from petitioner

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes  ☐ No in violation of Due process, the 5th Amendment & Court's Judgments.

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Grant the 2241 petition and discharge petitioner from custody, order the FSA Time credits be corrected and PATTERN criminal history. Order Bop to transfer Banks to pre release custody or consider him for immediate pre release custody and reduce petitioner's pre release custody by 1200 days aka his sentence along w/ all warranted Relief.

BANKS, FREDERICK 05711068

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

9/30/25

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 9/30/25

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

BANKS, FREDERICK 05711068

Page 9 of 9

*BoP PS Sentence Comp manual*

(2)  **The date of offense for a prisoner whose supervised release or probation has been revoked** shall be the date of the offense which led to the original sentence. Inmates shall be given prior custody time credits for time spent in official detention regardless of whether such detention predated the conduct that led to the **revocation**. Any time spent in official detention prior to the beginning date of the original sentence that was not awarded to the original sentence or any other sentence shall be given to the **revocation** term. If a prisoner is released late ("past due") because of staff error, a court order or executive clemency and is later returned as a **supervised release** or probation violator, the late release time shall be awarded on the **supervised release** or probation violator term.

progstat                                                          1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.


DEFENDANT: Frederick H. Banks
CASE NUMBER: CR 03-245

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    Payments are initially to be made through the defendant's participation in the U. S. Bureau of Prisons' Inmate Financial Responsibility Program, through which 50 percent of his prison salary shall be applied towards the payment of restitution. Any restitution balance that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 2:01-cr-00176-JFC   Document 392-1   Filed 03/14/2006   Page 6 of 6

Judgment — Page __6__ of __6__

- DEFENDANT:
  CASE NUMBER: CR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

   **Defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program, whereby 50 percent of his prison salary shall be applied to the restitution which shall be paid to the victims in proportion to their losses. Following his release from the Bureau of Prisons' custody, the balance of the restitution shall be paid as a condition of supervised release.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.


18 USC

## § 3624. Release of a prisoner [Caution: See prospective amendment note below.]

**(a) Date of release.** A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

**(b) Credit toward service of sentence for satisfactory behavior.**

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determined that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05711068

*First Step Act*

    **(A)** In general. A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

        **(i)** A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

        **(ii)** A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

    **(B)** Availability. A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed—

        **(i)** prior to the date of enactment of this subchapter [enacted Dec. 21, 2018]; or

        **(ii)** during official detention prior to the date that the prisoner's sentence commences under section 3585(a) [18 USCS § 3585(a)].

    **(C)** Application of time credits toward prerelease custody or supervised release. Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g) [18 USCS § 3624(g)], into prerelease custody or supervised release.

USCS            1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05711068

Fed-R. Crim. proc. 32.1 (1979 Amendments)

If probation is revoked, the probationer may be required to serve the sentence originally imposed, or any lesser sentence, and if imposition of sentence was suspended he may receive any sentence which might have been imposed. 18 U.S.C. § 3653. When a split sentence is imposed under 18 U.S.C. § 3651 and probation is subsequently revoked, the probationer is entitled to credit for the time served in jail but not for the time he was on probation. Thomas v. United States, 327 F.2d 795 (10th Cir.), cert. denied 377 U.S. 1000 (1964); Schley v. Peyton, 280 F.Supp. 307 (W.D.Va. 1968).

USCSRULE                                   1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05711068