**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FREDERICK BANKS,

               Petitioner,

      v.

WARDEN R. THOMPSON,

               Respondent.

Civil Action
No. 25-16338 (CPO)

**AMENDED
OPINION & ORDER**

**O'HEARN, District Judge.**

Before the Court is Petitioner's motion for reconsideration of the Court's May 26, 2026, Opinion and Order. (ECF Nos. 40, 41). For the following reasons, the Court will deny Petitioner's motion.

Local Civil Rule 7.1(i) governs motions for reconsideration and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See e.g.*, *Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). To be successful on a motion for reconsideration, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *E.g.*, *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

For substantially the same reasons set forth in the Court's prior Opinion, Petitioner has not met that standard. First, Petitioner argues that he "exhausted his available remedies all the way to the central office" and that to the extent any are incomplete, "it is because the central office failed to provide a timely response." (ECF No. 42, at 1 (cleaned up)). As discussed in the Court's prior Opinion, Petitioner had to exhaust Grounds Two, Three, and Four **before** filing his § 2241 petition.

(ECF No. 40, at 2–3, 8–9).  His appeals to the central office and related issues did not start until **after** he filed his Petition.  (*See id*.).

Next, Petitioner argues that this Court has jurisdiction over Ground One because his sentencing court, the Western District of Pennsylvania, held that it should be addressed in a § 2241 petition.  (ECF No. 42, at  2, 10)).  First, Petitioner's argument mischaracterizes the sentencing court's brief text order.  The sentencing court held that Petitioner's challenge "to the current legality of his confinement" should "be addressed **either** in one of the many direct appeals the [Petitioner] has pending, **or** via petition pursuant to 28 U.S.C. § 2255/2241." (ECF No. 42, at 10 (emphasis added)).  This Court's decision that it lacks jurisdiction under § 2241 to consider Ground One, and that it should have been presented in a § 2255 motion does not necessarily conflict with the sentencing court's order. (*See* ECF No. 40, at 4–6).

In any event, "[t]he law of the case doctrine is not a restriction on the court's power, but is a discretionary doctrine." *See, e.g.*, *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 359 (3d Cir. 2010); *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) ("[T]he law of the case doctrine does not restrict a court's power but rather governs its exercise of discretion."); *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 988 F.2d 414, 429 (3d Cir. 1993) ("[T]he law of the case doctrine is a rule that is subject to the discretion of the court applying it."); *In re Insulin Pricing Litig.*, No. 17-699, 2025 WL 2717592, at *3 (D.N.J. Sept. 24, 2025) (citing cases); *In re Celgene Corp., Inc. Sec. Litig.*, 747 F. Supp. 3d 748, 761 (D.N.J. 2024) (explaining that the law of the case doctrine "is a discretionary rule, not a mandatory one").

Further, the doctrine presupposes the existence of subject matter jurisdiction, it cannot create jurisdiction.  Thus, even if the sentencing court suggested that Ground One is cognizable under § 2241, that decision would not require this Court to exercise jurisdiction if § 2241 does not,

2

in fact, authorize review.    This Court has an independent obligation to conduct its own jurisdictional analysis to determine whether Ground One falls within the scope of § 2241, *see, e.g.*, *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016), and as explained in the Court's prior Opinion, it does not.  (ECF No. 40, at 4–6).  Accordingly,

IT IS, on this 3rd day of June 2026,

**ORDERED** that the Clerk of the Court shall reopen this case for consideration of Petitioner's latest submissions; and it is further

**ORDERED** that Petitioner's motion for reconsideration is DENIED; and it is further

**ORDERED** that Petitioner's access to the Alternate Document Submission ("ADS") system is REVOKED; the Clerk of the Court SHALL NO LONGER ACCEPT any electronic filings from Petitioner while he remains incarcerated and proceeding *pro se*[1]; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail and once again CLOSE this case.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[1]  Petitioner filed the instant motion electronically.  As explained in another of Petitioner's cases, Civ. No. 26-5287, under the Local Rules, an incarcerated *pro se* party, like Petitioner, may only file documents through paper filings. L. Civ. R. 5.2(4) (stating that: "[a] party who is not represented by counsel must file documents with the Clerk as a Paper Filing" and that "[a] *Pro Se* party **who is not incarcerated** may request to receive filed documents electronically upon completion of a 'Consent & Registration Form to Receive Documents Electronically.'" (emphasis added)).